IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MRAZ, on behalf of himself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MANTECA,<br><br>Defendant. | Case No. 2:16-cv-02614-TLN-KJN<br><br>**ORDER FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND NOTIFICATION TO AFFECTED INDIVIDUALS** |

Having considered the parties' Stipulation for Conditional Certification of FLSA Collective Action and Notification to Affected Individuals and the proposed Notice attached thereto, and finding that good cause exists to issue and order pursuant to said stipulation,

IT IS HEREBY ORDERED THAT:

1. This action satisfies the requirements for conditional certification as a "Collective Action" under the Federal Labor Standards Act (FLSA). The questions of law and fact common to the members of the class predominate over questions relevant only to individual members of the collective class and class adjudication is superior to any other method of adjudication for the fair and efficient adjudication of this matter.

2. For purposes of conditional certification, the FLSA Collective Action Class shall consist of all current and former employees of the Defendant who received cash in lieu of health benefits and worked overtime in the same pay period within the three years prior to the filing of Plaintiffs' action.

3. This action is conditionally certified as a collective action under 29 U.S.C. § 216(b). Plaintiffs' counsel, Mastagni Holstedt, APC, shall serve as counsel for the collective class.

4. Notification of this action in the manner set forth in subsections (a) through (c) below is appropriate:

    a. Notification shall be made by sending a "Notice of Action" in the form of the notice attached as Attachment B to the parties stipulation to all individuals who, at any time during the three years preceding the filing of this action, received cash in lieu of health benefits and worked overtime during the same pay period;

    b. Defendant may administer the notification process, and will send notices by City email or certified mail with return receipt, to all putative class members within thirty (30) days from the date of this order. Defendant shall copy Plaintiffs' counsel on any notice emails and provide Plaintiffs' counsel with copies of any return receipts; and

    c. Defendant shall provide Plaintiffs' counsel a list of all putative class members' names, last known mailing addresses, email addresses, and phone numbers within forty-five (45) days of the date of this order.

5. The claims of Collective Action Class members are tolled from the date of this order to the conclusion of this action.

6. Any deadlines currently set in this case are hereby vacated, and all proceedings are stayed except the filing of consents to join and the issuance of this order granting conditional certification and authorizing notice pursuant to *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989).

7. The parties shall use informal discovery and early settlement negotiations in an attempt to resolve this dispute promptly.

8. The parties are ordered to submit a joint status report to this Court detailing their efforts taken to resolve this dispute and the current status of the case within one hundred twenty days (120) days from the date of this order.

///

///

9. Nothing in this order affects any affirmative defenses; including any statute of limitations defense that may be asserted by Defendant in this action.

IT IS SO ORDERED:

Dated: May 22, 2017

Troy L. Nunley
United States District Judge